IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br>SCOTT S. STROUP<br>KAREN J. STROUP | Chapter 7 |
| Debtor(s) | Case Number: 5-14-bk-00593 RNO |
| WILLIAM G. SCHWAB, TRUSTEE FOR THE ESTATE OF SCOTT & KAREN STROUP | |
| Plaintiff(s) | Adversary Number: 5-14-ap-00123 RNO |
| v.<br>BRANDON STROUP<br>JUSTIN STROUP<br>TASHIA STROUP | Document No.: 11 |
| Defendant(s) | Nature of Proceeding: Motion for Summary Judgment |

## OPINION

This is a Motion for Summary Judgment filed by the Chapter 7 Trustee. The Trustee moves for summary judgment to sell, pursuant to 11 U.S.C. § 363(h)[1], the Debtors' interests in a limited liability company free of the co-owners' interests in the limited liability company. For the reasons stated below, the Motion for Summary Judgment is denied.

**I.     JURISDICTION**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (N).

**II.    FACTS AND PROCEDURAL HISTORY**

A Voluntary Petition under Chapter 7 of the Bankruptcy Code was filed on February 13, 2014, by Scott S. Stroup and Karen J. Stroup, his wife ("Debtors"). The Debtors filed their

---

[1] Unless otherwise noted, all future statutory references are to the Bankruptcy Code, 11 U.S.C. § 101, et seq., as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 37 ("BAPCPA").

schedules of assets and liabilities. Included in Schedule B - Personal Property, under B.13, is the entry "F5 Distributors, LLC d/b/a F5 Variety (There are 5 equal partners including Debtors who own 20% each; includes shelf units, show cases, inventory)".

A review of the bankruptcy docket shows that William G. Schwab, Esquire ("Trustee") was appointed to serve as the Chapter 7 Trustee in the Debtors' underlying case. The docket also reflects that on May 27, 2014, the Trustee filed his report indicating that the § 341 Meeting of Creditors had been held.

Subsequently, on June 4, 2014, the Trustee commenced the within Adversary Proceeding. The action was commenced by a single count Complaint which contains twenty-two numbered paragraphs. In sum, the Complaint alleges that, at the time of the Chapter 7 filing, the Debtors co-owned the business, F5 Distributors, LLC ("LLC"), with three named Defendants, Brandon Stroup, Justin Stroup, and Tashia Stroup (collectively "Defendants"). The Complaint seeks authority to sell the Debtors' interests in the LLC free of the interests of the Defendants' interests in the LLC. Paragraph 11 of the Complaint alleges that the bankruptcy estate has a fifty percent interest in the LLC with the remaining fifty percent interest being shared by the Defendants.

The Defendants duly answered the Complaint. It is noted that paragraph 11 of the Answer states, in part, ". . . the business [LLC] was established between Debtors and Defendants with each party owning twenty percent of the business." On September 23, 2014, the Trustee moved for summary judgment. The Trustee filed his Statement of Undisputed Facts and the Defendants have filed their response thereto. Briefs have been submitted in support of and in opposition to the Trustee's Motion for Summary Judgment ("Summary Judgment Motion") and it is now ripe for decision.

2

## III. DISCUSSION

### A. Standard to Decide a Motion for Summary Judgment Under Federal Rule of Bankruptcy Procedure 7056

Federal Rule of Bankruptcy Procedure 7056 incorporates and makes applicable to bankruptcy proceedings Rule 56 of the Federal Rules of Civil Procedure. Pursuant to Rule 56, the court shall grant summary judgment to the moving party "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Therefore, the movant has the burden to prove the absence of genuine issues of material fact. *In re Madera*, 363 B.R. 718, 724 (Bankr. E.D.Pa. 2007); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In evaluating the evidence, the court must view the facts in the light most favorable to the non-moving party and draw all inferences in favor of that party. *In re Shull*, 493 B.R. 453, 455 (Bankr. M.D.Pa. 2013) (internal citations omitted). The absence of any genuine issue of material fact may be demonstrated by the pleadings, supporting affidavits, and discovery materials – such as depositions, answer to interrogatories, and admissions which are part of the record. *In re Premium Motor Cars, Inc.*, 404 B.R. 128, 130 (Bankr. W.D.Pa. 2009).

### B. Has the Trustee Proven a Saleable Interest Under Subsection 363(h) of the Bankruptcy Code?

The Trustee has grounded his Complaint, which seeks a sale of the Debtors' and the Defendants' interests in the LLC, on § 363(h) of the Bankruptcy Code. This subsection provides:

> (h) Notwithstanding subsection (f) of this section, the trustee may sell both the estate's interest, under subsection (b) or (c) of this section, and the interest of any co-owner in the property **in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety**, only if –

3

> (1) partition in kind of such property among the estate and such co-owners is impracticable;
>
> (2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;
>
> (3) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and
>
> (4) such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

11 U.S.C. § 363(h) (emphasis added).

In briefing the Summary Judgment Motion, both the Trustee and the Defendants have concentrated on the four secondary elements which a court must consider when analyzing a proposed bankruptcy sale free of a co-owner's interest.

I read § 363(h) as first requiring that I determine the nature of the Debtors' interests in the LLC. Specifically, viewing the facts in the light most favorable to the Defendants, as the non-moving party, does the record demonstrate that the Debtors have an undivided interest in the LLC as tenants in common, joint tenants, or tenants by the entirety, with the Defendants?

Property interests are created and defined by state law. *Butner v. U.S.*, 440 U.S. 48, 55, 99 S.Ct. 914, 918 (1979). Unless a significant federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding. *Butner v. U.S.*, 440 U.S. at 55. State law may be applied to determine ownership interests. *Id.* Generally, federal law defines what types of property comprise

4

the bankruptcy estate. *In re O'Dowd*, 233 F.3d 197, 202 (3d Cir. 2000). However, state law generally determines what interest, if any, a debtor has in property. *In re Salem Baptist Church of Jenkintown*, 455 B.R. 857, 865 (Bankr. E.D.Pa. 2011). Pennsylvania law should be reviewed to determine property interests in a parcel of real estate located in Pennsylvania. *In re Smith*, 449 B.R. 221, 222 (Bankr. M.D.Pa. 2011).

Next, I will consider the nature of a member's interest in a limited liability company under Pennsylvania law.

### C. Members' Interests in a Pennsylvania Limited Liability Company

The Trustee's Statement of Undisputed Facts states that the LLC is located in Allentown, Pennsylvania. Trustee's Statement of the Facts, Pursuant to Local Bankruptcy Rule 7066-1 (Trustee's Affidavit) ¶ 9. The Defendants' response to Trustee's Statement of Facts states that paragraph 9 is "Admitted". I have found nothing in the record that will allow me to definitively determine the state in which the LLC was formed and filed. For purposes of this Opinion, I will assume that the entity was created in Pennsylvania and that Pennsylvania law should be utilized to determine the nature of the Debtors' interests in the LLC.

A membership interest in a limited liability company is akin to an interest in stock of a corporation. Further, Pennsylvania, like New Jersey, provides by statute that a member has no ownership interest in the specific property of the limited liability company. *Budtel Associates, LP v. Continental Cas. Co.*, 915 A.2d 640, 646 (Pa.Super. 2006). The Pennsylvania Limited Liability Company Law of 1994 may be found at 15 Pa. C.S. § 8901, et seq. ("LLCL"). Several of the provisions of the LLCL guided me in my determination that a material issue of fact is outstanding and that the Trustee is not entitled to judgment as a matter of law.

5

The LLCL provides, in part:

> **(a)** **General rule.--** The interest of a member in a limited liability company constitutes the personal estate of the member and may be transferred or assigned as provided in writing in the operating agreement. Unless otherwise provided in writing in the operating agreement, if all of the other members of the company other than the member proposing to dispose of his interest do not approve of the proposed transfer or assignment by unanimous vote or written consent, which approval may be unreasonably withheld by any of the other members, the transferee of the interest of the member shall have no right to participate in the management of the business and affairs of the company or to become a member. The transferee shall only be entitled to receive the distributions and the return of contributions to which that member would otherwise be entitled.
>
> **(b)** **Certificate of membership interest.--** The certificate of organization may provide that a member's interest in a company may be evidenced by a certificate of membership interest issued by the company. If such provision is made for the issuance of certificates of membership interest, the operating agreement may provide for the assignment or transfer of any membership interest represented by such a certificate and make other provisions with respect to such certificates.

15 Pa. C.S. § 8924 (emphasis in original).

The interest of a member in a Pennsylvania limited liability company constitutes the personal estate of the member. *New Coalition for Alternatives in Jewish Educ. v. Piltch*, 2013 WL 3946240, *7 (Pa.Cmlth. Feb. 1, 2013). Further, a member has no interest in the specific property of a limited liability company. 15 Pa. C.S. § 8923(a). It is important to bear in mind that the LLC in which the Debtors and the Defendants have some interests is a separate legal entity. Its assets and liabilities are its own; neither of these are owned or owed by the members of the LLC. Also, assuming the LLC has debts, its creditors may assert their claims against the property of the LLC, irrespective of

6

the Debtors' bankruptcy filing. Bankruptcy Judge Steckroth has noted that a membership interest in a limited liability company is the member's personal property; although the member has no interest in property owned by the limited liability company. *In re Rabinowitz*, 2011 WL 6749068, *7 (Bankr. N.J. Dec. 21, 2011) (decided with reference to New Jersey Limited Liability Company Act).

### D. Nature of the Debtors' and Defendants' Membership Interests in the LLC

First, allow me to restate the requirement that a § 363(h) sale requires that the property to be sold be held by the debtor, on the petition date, as an undivided interest as a tenant in common, joint tenant, or tenant by the entirety.

I will assume, for purposes of discussion, that the Debtors' and the Defendants' membership interests are personal property. Generally, under Pennsylvania law, a joint tenancy, such as a tenancy by the entirety, can be created in real or personal property. *In re Brannon*, 476 F.3d 170, 173 (3d Cir. 2007).

Again, a membership interest in a limited liability company is akin to an interest in the stock of a corporation. The membership interest may be evidenced by a certificate of membership interest, similar to a stock certificate. *Missett v. Hub Intern. Pennsylvania, LLC*, 6 A.3d 530, 537 (Pa.Super. 2010).

What has the Trustee offered to prove up the nature and extent of the Debtors' and Defendants' interests in the LLC? No membership agreement for the LLC has been offered nor are any certificates of membership interest part of the record. No discovery items have been referenced in this regard. The Court cannot speculate as to how the respective membership interests in the LLC are held.

7

At this early stage, I cannot conclude that either of the Debtors holds his or her membership interest in the LLC with any of the Defendants in one of the types of ownership required by § 363(h), (e.g., tenants in common, joint tenants with right of survivorship, etc.).

At some later stage in this Adversary Proceeding, the Trustee may adduce proof of the parties' ownership interests in the LLC. This might be accomplished, for example, by introduction of certificates of membership interests which denote a tenancy in common or other common interest which complies with the initial requirements of § 363(h). I conclude that there is a material outstanding issue of fact as to whether either Debtor holds his or her membership in the LLC with any of the Defendants in one of the types of ownership required by § 363(h). Therefore, the Summary Judgment Motion is denied.

An order will be entered consistent with the foregoing Opinion.

By the Court,

*Robert N. Opel II* (signature)

Date: November 4, 2014

Robert N. Opel, II, Bankruptcy Judge
(BI)